UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LESLIE ROE,<br><br>　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case Nos.: 19-cv-00029; 18-cr-1887<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

Pending before the Court is Petitioner Steven Leslie Roe's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 44.) As explained in greater detail below, the Court **DENIES** Petitioner's motion to vacate.

## **BACKGROUND**

On April 26, 2018, Petitioner pled guilty to bringing in unlawful alien(s) into the United States without permission in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). (Doc. No. 31.) Petitioner was sentenced to fifteen (15) months in custody and three (3) years of supervised release. (Doc. No. 42 at 2–3.)

The facts leading up to Petitioner's guilty plea are as follows. On March 13, 2018, Petitioner entered the United States from Mexico through the San Ysidro Port of Entry. (Doc. No. 35 at 3.) At secondary inspection, officers discovered an individual hiding inside a wooden shelf pressed against the seats of the car. (*Id.*) The individual was an illegal alien.

(*Id.*) Petitioner had been previously convicted for similar conduct in 2016 and violated the terms of his supervised release for the prior conviction. (Doc. No. 36 at 2.)

Petitioner filed a Sentencing Memorandum prior to sentencing where counsel explained:

> Clearly Mr. Roe struggled to reintegrate into the community after his 2016 conviction for similar conduct. He responded well to supervision and was placed on the administrative caseload; however, he was simply unable afford the necessities like food and shelter. He lost the apartment that he had been living in and could not rent a comparable place. He did not know where to turn.

(*Id.*) Further, at Petitioner's sentencing hearing on August 20, 2018, counsel further explained, "[m]ost recently, before this offense, his rent had gone up from $1,325 a month to $1,800 a month. His girlfriend left him. In essence, all his resources dried up. He was living in his car." (Doc. No. 50-1, Ex. 1 at 4.)

At Petitioner's sentencing hearing, Petitioner made a statement regarding his attorney's conduct stating, "I think Mr. Johnson has laid it out pretty well. I was in a desperate situation. I'm sorry about that, but Mr. Johnson has done a very good job for me." (*Id.* at 6.)

The Court sentenced Petitioner to 15 months in custody and noted:

> I gave you a time-served sentence last time, hoping that your age would work against recidivism, and the unfortunate circumstances with supervision would keep you moving forward, not stepping back. And it didn't. Here we are, two years later, going through a similar situation, another alien smuggling case, another set of circumstances involving substantial risk. And it's just not acceptable frankly, to say well, I fell on hard times, when we have pretrial services – or the probation office – excuse me – that is standing there willing to help, and you didn't seize on that opportunity.

(Doc. No. 50-1, Ex. 1 at 7.)

On January 7, 2019, Petitioner filed his motion to vacate. (Doc. No. 44.) On March 14, 2019, the Government filed its opposition. (Doc. No. 50.) On March 21, 2019,

Petitioner filed a motion to continue to file his reply by May 2, 2019. (Doc. No. 52.) The Court granted Petitioner's motion to continue on April 4, 2019. (Doc. No. 53.) However, as of the date of this Order Petitioner has not filed a reply.

## **LEGAL STANDARD**

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783–84 (1979) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27 (1939)). In contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981).

## **DISCUSSION**

First, a one-year period of limitation applies to habeas petitions. 28 U.S.C. § 2255(f). "A 1-year period of limitation shall apply to a motion under this section. The limitation shall run from the latest of – (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* In its opposition, the Government argues that Petitioner's motion to vacate is untimely. (Doc. No. 50 at 5.) However, Petitioner's judgment became final on September 7, 2018 and Petitioner filed his motion to vacate on January 7, 2019. Further, the

Government admitted at the June 27, 2019 hearing on the instant motion that Petitioner's motion to vacate was in fact timely. Thus, Petitioner's habeas petition is timely.

Petitioner alleges that his counsel was ineffective for failing to present to the Court that Petitioner was homeless and that the probation office failed to adequately supervise him. (Doc. No. 44 at 5.) "[T]o establish ineffective assistance of counsel, a party must demonstrate (1) that counsel's performance was unreasonable under prevailing professional standards and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result would have been different." *Hasan v. Galaza*, 254 F.3d 1150, 1154 (9th Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687–91 (1984)). Accordingly, "to have the factual predicate for a habeas petition based on ineffective assistance of counsel, a petitioner must have discovered (or with the exercise of due diligence could have discovered) facts suggesting both unreasonable performance and resulting prejudice." *Id.* (emphasis in original). The Court reviews counsel's performance with deferential scrutiny, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and recognizing the many choices that attorneys make in handling cases and the danger of second-guessing an attorney's decisions. *Strickland*, 466 U.S. at 689.

Here, Petitioner's counsel did bring the Court's attention to the fact that he was living in his car and had fallen upon hard times. Petitioner's counsel did not blame the probation office for Petitioner's circumstances as Petitioner perhaps would have preferred his counsel to do at his sentencing hearing. However, the fact that Petitioner's counsel did not blame the probation office does not fall outside of the range of reasonable professional assistance. Further, Petitioner himself praised his attorney's representation of him at sentencing. Accordingly, the Court finds that Petitioner has failed to establish that his counsel's performance was unreasonable.

Second and most importantly, Petitioner has failed to plead facts suggesting that his counsel's actions resulted in prejudice. Prejudice is determined based on an objective evaluation. *See Hill v. Lockhart*, 474 U.S. 52, 59–60 (1985). "[T]o demonstrate prejudice,

the petitioner must show 'it is reasonably likely the result would have been different' but for counsel's ineptitude. And '[t]he likelihood of a different result must be substantial, not just conceivable.'" *Vega v. Ryan*, 757 F.3d 960, 969 (9th Cir. 2014) (quoting *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011)) (citing *Strickland*, 446 U.S. at 694 (holding that petitioner must prove there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.")).

Here, Petitioner has failed to show how counsel's decision to not blame the probation office and government for his hard times actually prejudiced Petitioner. The Court stated explicitly during sentencing that it was not acceptable to say that Petitioner fell on hard times and that Petitioner did not seize the opportunity to have the probation office assist him. Accordingly, the Court was aware of the circumstances surrounding the offense and shifting the blame to the probation office would not have led to a different result. Accordingly, Petitioner has suffered no prejudice from his counsel's decision to not blame the probation office for his crime.

## **CONCLUSION**

Based on the foregoing, the Court **DENIES** Petitioner's motion to vacate. Absent a certificate of appealability from this circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *Chafin v. Chafin*, 568 U.S. 165, 184 (2013). A court may issue a certificate of appealability where the petitioner has made a "substantial showing of the denial of a constitutional right," and reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the Court finds that Petitioner has not made the necessary showing. Thus, a certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated: October 22, 2019

_____
Hon. Anthony J. Battaglia
United States District Judge